IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                    :

EDWARD L. DUTTON                    :

        v.                          : Civil Action No. DKC 2008-3504

MONTGOMERY COUNTY,                  :
 MARYLAND, et al.
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case arising under 42 U.S.C. § 1983 are: (1) a motion to dismiss filed by Defendants Montgomery County, Maryland, Officer Daniel Sugrue, Officer Jennifer Powell, and Lieutenant Marcus Jones (Paper 11);[1] (2) a motion to dismiss filed by Defendant Captain Sam Hsu (Paper 20); (3) a motion to dismiss filed by Defendant Marcus Westover (Paper 14); and (4) a motion to dismiss filed by Defendant Joy Turner (Paper 22). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motions will be granted.

**I. Background**

Plaintiff Edward Dutton is a resident of Sandy Spring, Maryland. Defendants are Montgomery County, Officer D. Sugrue, Officer Jennifer Powell, and Lieutenant Jones of the Montgomery

---

[1] Plaintiff incorrectly identifies Officer Daniel Sugrue in his complaint as D. Sugure. The correct spelling will be used here.

County Police Department, Captain Sam Hsu of the Montgomery County Fire Marshall's Office, Marcus Westover, Plaintiff's former neighbor, and Joy Turner, President of the Sandy Spring Civic Association.   In his complaint, Plaintiff also discusses the alleged actions of Officer LaFlure, Commander Walker, Officer Yamada, Officer Berkeimer, Officer Wallace, Officer McFarland, Officer Corseito, and Officer Williams.   Plaintiff, however, does not name any of these individuals as defendants in this action. Therefore, only the allegations against the named defendants will be discussed here.

In or about March 2002, several Montgomery County police officers came to Plaintiff's home at 4:30 a.m. and demanded to speak to Plaintiff about a car parked at the home of Plaintiff's aunt.  Plaintiff alleges that five months later, an officer entered into a conspiracy with Defendant Marcus Westover, Plaintiff's neighbor, to create false records about Plaintiff and to cover up the harassment he suffered at the hands of "police informants and racist adults."  Westover allegedly agreed to claim falsely that there was drug activity in Plaintiff's home.

Sometime in September 2003, three white men allegedly yelled threats, racial slurs, and blew their car horn at Plaintiff. Plaintiff appears to allege that on the same day, he exchanged words with a white man and woman who were parked on his property. Plaintiff asked them to leave and never return.  Sometime shortly thereafter, two Molotov cocktails were thrown in his yard and paint

balls were shot at his house and car (hereafter called "the firebombing incident").

Defendants Sugrue and Hsu subsequently investigated the firebombing incident.  Sugrue and Hsu allegedly refused to interview people who Plaintiff believed were responsible for the harassment and attempted to destroy evidence.  Plaintiff also alleges that Sugrue wrote in the report that the matter was drug related, which Plaintiff flatly denies.  Plaintiff alleges that Hsu told Plaintiff's neighbors that there was an investigation into an accident at Plaintiff's home involving drugs.  According to Plaintiff, the officers failed to investigate properly the hate crime committed against him because Plaintiff had previously filed a civil rights action against Montgomery County and County police officers.  Plaintiff alleges that Sugrue and Hsu conspired with one another to treat the matter as a drug related incident and not to investigate it as a hate crime.  Plaintiff reported the actions of Sugrue and Hsu to the County Executive.

Plaintiff further alleges that in January 2006, Defendant Marcus Westover pointed a gun at him and demanded to know what he was doing while he was visiting a local cemetery.  Westover allegedly intimidated every black person who attempted to visit the cemetery.  Plaintiff subsequently spoke about the incident to Defendant Powell and another officer, Officer Williams.  Powell refused to make of a report of Plaintiff's complaint and instead issued Plaintiff a trespass notice.

3

Plaintiff also alleges that Defendant Jones utilized informants who planted 10.95 grams of cocaine on Plaintiff's property, but were never charged. Plaintiff alleges that Jones' informants have a history of harassing Plaintiff.

Finally, Plaintiff alleges that Joy Turner, President of the Sandy Spring Civic Association, coerced a woman to give false testimony about him in depositions and informed the police that he was involved in drug activity and other unlawful conduct. Although extremely unclear, Plaintiff also alleges that Turner "conspired to have people complain to [Plaintiff's] family about Westover interfering with their access to the cemetery and public easement, as a method of creating traffic at [Plaintiff's] residence." (Paper 1 ¶ 42).

Plaintiff, proceeding *pro se*, filed a sixteen count complaint in this court on December 31, 2008. (Paper 1). Plaintiff alleges that Defendants are liable for violations of 42 U.S.C. §§ 1981, 1983, 1985(2), and 1986. All Defendants filed motions to dismiss. (Papers 11, 14, 20, 22).

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which

4

requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has

5

not "show[n]"—"that the pleader is entitled to relief." *Iqbal*, 129
S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining
whether a complaint states a plausible claim for relief will . . .
be a context-specific task that requires the reviewing court to
draw on its judicial experience and common sense." *Id.* Courts
generally should hold *pro se* pleadings "to less stringent standards
than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404
U.S. 519, 520 (1972).

## III.  Statute of Limitations

At the outset, all Defendants argue that Plaintiff's claims
should be dismissed because they are barred by the statute of
limitations.   The statute of limitations is an affirmative defense
that  a  party  typically  must  raise  in  a  pleading  under
Fed.R.Civ.P.8(c)  and  is  not  usually  an  appropriate  ground  for
dismissal.  *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525
(D.Md. 2002); *Gray v. Metts*, 203 F.Supp.2d 426, 428 (D.Md. 2002).
However, dismissal is proper "when the face of the complaint
clearly  reveals  the  existence  of  a  meritorious  affirmative
defense." *Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d
178, 181 (4th Cir. 1996); *see* 5B Charles A. Wright & Arthur R.
Miller, Federal Practice & Procedure § 1357, at 714 (3d ed. 2004)
("A complaint showing that the governing statute of limitations has
run on the plaintiff's claim for relief is the most common
situation in which the affirmative defense appears on the face of
the pleading and provides a basis for a motion to dismiss under

6

Rule 12(b)(6).").  Here, Plaintiff raises several allegations in his complaint dating back to the year 2000, but he did not file his complaint until 2008.  As will be explained below, the statute of limitations governing Plaintiff's claims is three years.  Thus, the defense is evident on the face of the complaint, and will be discussed here.

The Reconstruction Civil Rights Acts, which include 42 U.S.C. §§ 1981, 1983, 1985, and 1986, do not specifically provide a statute of limitations during which time claims may be brought. *McCausland v. Mason County Bd. Of Educ.*, 649 F.2d 278, 279 (4th Cir. 1981).  Therefore, the federal courts borrow an appropriate limitations period from the state in which the claims arose.  *Id*. Maryland's general statute of limitations provides that "[a] civil action at law shall be filed within three years from the date it accrues."  Md.Code Ann., Cts. & Jud. Proc. § 5-101.  The time of accrual is "when [the] plaintiff knows or has reason to know of the injury which is the basis of the action." *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991).  Courts have applied the three year period to 42 U.S.C. § 1985 claims as well. *See Evans v. Chesapeake & Potomac Telephone Co. of Md.*, 535 F.Supp. 499 (1982).

With respect to claims arising under 42 U.S.C. § 1981, the limitations period for suit in Maryland is generally three years. *Int'l Woodworkers of Am. v. Chesapeake Bay*, 659 F.2d 1259 (4th Cir. 1981).  However, Defendants point out that under 20 U.S.C. § 1658,

Congress enacted a catch-all four year statute of limitations for causes of action that arose under an Act of Congress enacted after December 1, 1990.  The Civil Rights Act of 1991 amended 42 U.S.C. § 1981.  Accordingly, any new causes of action that arose as a result of the 1991 Act are now governed by the four year statute of limitations, and not the personal injury limitations period established in the forum state, such as the three year period in Maryland.  *See Jones v. R.R. Donnelley & Sons,* 541 U.S. 369, 371-72 (2004).  Defendants argue that the four year limitations period applies to Plaintiff's § 1981 claims only if the claims were made possible by the amendments in the 1991 Act.  *Id*. at 382.

Here, Plaintiff's § 1981 claims appear to be based on an equal protection claim under the Fourteenth Amendment.  Therefore, Plaintiff's cause of action predated the 1991 amendments, and the three year statute of limitations period applies to Plaintiff's § 1981 claim.  However, an exhaustive analysis is not necessary because as will be discussed below, Plaintiff cannot state a claim under § 1981 against any Defendants irrespective of the statute of limitations issue.

Plaintiff did not file his complaint until December 31, 2008.  Therefore, pursuant to the three year limitations period, any claims Plaintiff has for alleged violations of his federal rights are barred if they occurred prior to December 31, 2005.  The vast majority of Plaintiff's complaint discusses incidents involving other Montgomery County officers that occurred between May 2000 and

May 2004.  The only incident that Plaintiff discusses that falls within the limitations period is the allegation that Defendant Westover pointed a gun at him in 2006, and that Defendant Powell failed to follow up regarding Plaintiff's complaint against Westover.

Plaintiff argues that his claims are not time barred because he did not learn of certain information about the conduct of these individuals until their depositions in another matter in September 2006, October 2006, January 2007, and February 2007.  Specifically, Plaintiff contends that it was only during Jones' deposition that he discovered that Jones was sending informants to his home to create a false history of drug activity.  Similarly, he learned during Sugrue's deposition that Sugrue and Hsu had told Plaintiff's neighbors that there was drug activity going on at Plaintiff's home.  Plaintiff maintains that he would have no means of discovering this information until the time of the depositions, and consequently, the statute of limitations began to run only at the time that he discovered this information.  *Nat'l Advertising Co.*, 947 F.2d at 1161-62.  Accepting Plaintiff's allegations as true, the allegations against Jones regarding the use of informants as well as the allegations against Sugrue and Hsu about the information conveyed to Plaintiff's neighbors might not be time barred.  In addition, Plaintiff's allegation that Westover pointed a gun at  him and that Officer Powell failed to follow up on the

incident are not time barred because these incidents occurred in 2006, within the limitations period.

**IV.  Defendants Montgomery County, Officer Sugrue, Officer Powell, and Lieutenant Jones' Motion to Dismiss**

Plaintiff asserts: (1) a 42 U.S.C. § 1983 claim against Sugrue and Jones; (2) a 42 U.S.C. § 1981 claim against Sugrue; (3) a 42 U.S.C. § 1985 claim against Sugrue, Powell, and Jones; (4) a 42 U.S.C. § 1986 claim against Sugrue; and (5) 42 U.S.C. § 1981, 1983, and 1986 claims against Montgomery County.

**A.  42 U.S.C. § 1983 Claims Against Sugrue and Jones**

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  A plaintiff raising a § 1983 claim must show that a person acting under color of state law deprived him of a constitutional right. *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658 (4th Cir. 1998).

Plaintiff alleges that Sugrue and Jones are liable under § 1983 for violating his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. As previously explained, the only allegations against these Defendants that are not time barred are that: (1) Defendant Jones

10

sent informants to Plaintiff's home in an effort to create a false history of drug activity in Plaintiff's home; and (2) Defendant Sugrue told Plaintiff's neighbors that there was drug activity in Plaintiff's home.  Plaintiff does not explain how either of these allegations give rise to a deprivation of his constitutional rights, as is required for Plaintiff to state a claim under § 1983. "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556. That showing must consist of more than "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949.

First, Plaintiff does not explain how Defendants' actions violated his First Amendment rights.  In addition, Plaintiff fails to explain how Defendants committed an unreasonable search or seizure under the Fourth Amendment.  It is well established that Plaintiff has no constitutional right to possess illegal drugs in his home. *Stanley v. Georgia*, 394 U.S. 557, 568 n.11 (1969); *see also Leary v. United States*, 544 F.2d 1266, 1270 (5th Cir. 1977). Plaintiff flatly denies that there has ever been drug activity in his home.  Accepting this allegation as true, police officers nevertheless have a right to investigate potential criminal activity. Plaintiff's neighbors had informed Defendants that they had seen Plaintiff using drugs.

Plaintiff also appears to allege that Defendants hired informants to come into his home to determine whether any drug activity was taking place.  To the extent that Plaintiff permitted

11

drug dealers disguised as informants into his home, Plaintiff has no reasonable expectation of privacy under the Fourth Amendment. *See United States v. Paul*, 808 F.2d 645, 648 (7th Cir. 1986)(noting that an owner's interest in the privacy of his home is fatally compromised when he "admits a confidential informant and proudly displays contraband to him" and that "[i]t makes no difference that the owner does not know he is dealing with an informant"). Indeed, "once an individual gives information to a third party, he assumes the risk that the third party will reveal the information to the authorities." *Wilson v. Layne*, 141 F.3d 111, 128 n.15 (4th Cir. 1998).

The only allegation that could potentially trigger a Fourth Amendment violation is that two informants planted cocaine in Plaintiff's home, and Defendant Jones knew about the informant's actions yet did nothing. Planting evidence in order to establish probable cause for a defendant's arrest clearly violates the Fourth Amendment. *Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997). However, Plaintiff does not allege that he was arrested as a result of this incident, nor does he even allege that any officers questioned him about the cocaine that had been allegedly planted in his home. Plaintiff's bare allegations do not give rise to a Fourth Amendment claim.

As for Plaintiff's Fifth Amendment claim, the due process clause of the Fifth Amendment applies only to the conduct of federal, not state, actors. *See San Francisco Arts & Athletics,*

*Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 (1987).
Plaintiff has not alleged any federal involvement in this case, and
it is undisputed that the officers are state actors.  Plaintiff's
claim under the Sixth Amendment also fails because Plaintiff does
not allege that he received ineffective assistance of counsel.
Finally, it appears that Plaintiff alleges an equal protection
claim under the Fourteenth Amendment.   To succeed on an equal
protection claim, Plaintiff "must first demonstrate that he has
been treated differently from others with whom he is similarly
situated and that the unequal treatment was the result of
intentional or purposeful discrimination." *Morrison v. Garraghty*,
239 F.3d 648, 654 (4th Cir. 2001).  Plaintiff appears to allege an
equal protection claim based on race, but he fails to allege that
any Defendants purposely discriminated against him on the basis of
his race.  Therefore, Plaintiff's § 1983 claim will be dismissed
against Sugrue and Jones.

## B.   42 U.S.C. § 1981 Claim Against Sugrue

Plaintiff alleges that Sugrue violated his rights under § 1981
by telling his neighbors that the firebombing incident was drug
related, which in turn obstructed a hate crime investigation.
Defendants contend that Plaintiff does not allege that Sugrue
intended to discriminate against him on the basis of race, as is
required to assert a claim under § 1981.

Section 1981 provides that all persons "shall have the same
right to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings . . . . " To state a claim under § 1981, Plaintiff must allege that: (1) he is a member of a racial minority; (2) Defendants acted with an intent to discriminate against Plaintiff on the basis of his race; and (3) Defendants' race discrimination concerned one or more of the protected activities enumerated in § 1981(a). *See, e.g., Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 339 (2$^d$ Cir. 2000); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *Buchanan v. Consolidated Stores Corp.*, 217 F.R.D. 178, 190 (D.Md. 2003).

As previously explained, Plaintiff's complaint is devoid of any allegations that Sugrue purposefully discriminated against him on the basis of race. Indeed, Plaintiff does not identify his own race in the complaint. In his opposition, Plaintiff explains that he is black and that he was denied "the equal protection that is giving [sic] to white citizens." Even if the court liberally construed Plaintiff's pleadings to include the statements in Plaintiff's opposition, these conclusory assertions do not demonstrate that Officer Sugrue's actions were motivated by an intent to discriminate against Plaintiff on the basis of race. Therefore, Plaintiff's § 1981 claim against Officer Sugrue will be dismissed.

**C.  42 U.S.C. § 1985 and 1986 Claims Against Jones, Sugrue, and Powell**

Plaintiff alleges that Jones, Sugrue, and Powell "conspired with the other defendants and others to injure plaintiff in his person and property as a result of plaintiff having attending [sic] and testified in a federal civil rights case." (Paper 1 ¶¶ 60, 62, 68). Defendants maintain that even if Plaintiff's claims were not barred by the statute of limitations, Plaintiff fails to state a claim under §§ 1985 and 1986.

To state a claim under § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive Plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to Plaintiff as (5) a consequence of an overt act committed by Defendants in connection with the conspiracy. *Unus v. Kane*, 565 F.3d 103, 126 (4th Cir. 2009). In addition, Plaintiff must "show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

Plaintiff brings his § 1985 claim under subsection two of the statute, which provides:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness

in any court of the United States from
attending such court, or from testifying to
any matter pending therein, freely, fully, and
truthfully, or to injure such party or witness
in his person or property on account of his
having so attended or testified, or to
influence the verdict, presentment, or
indictment of any grand or petit juror in any
such court, or to injure such juror in his
person or property on account of any verdict,
presentment, or indictment lawfully assented
to by him, or of his being or having been such
juror; or if two or more persons conspire for
the purpose of impeding, hindering,
obstructing, or defeating, in any manner, the
due course of justice in any State or
Territory, with intent to deny to any citizen
the equal protection of the laws, or to injure
him or his property for lawfully enforcing, or
attempting to enforce, the right of any
person, or class of persons, to the equal
protection of the laws;

"The first part of § 1985(2), like § 1985(1), requires 'force,
intimidation, or threat . . . .'" *Sellner v. Panagoulis*, 565
F.Supp.238, 246 (D. Md. 1982).

Here, the crux of Plaintiff's § 1985 claim against Sugrue,
Powell, and Jones is that they conducted an inadequate
investigation of the firebombing incident, told neighbors that
Plaintiff was involved in drug activity, and did not investigate
his complaints about the conduct of his neighbor Westover, and
instead, issued Plaintiff a trespass notice. Plaintiff does not
allege that the officers used force, intimidation, or threats to
hinder him from testifying in a pending matter. Plaintiff's only
mention of a court proceeding in his complaint is that he had
previously filed two suits against Montgomery County. However,

16

these cases were both dismissed on April 4, 2000. The allegations giving rise to Plaintiff's § 1985 claim took place *years after* those cases were dismissed. Therefore, Plaintiff cannot allege that Defendants hindered his ability to testify in the prior proceedings. Accordingly, Plaintiff's § 1985 claim against Sugrue, Jones, and Powell will be dismissed.

Plaintiff also asserts a cause of action under 42 U.S.C. § 1986 against Officer Sugrue. A § 1986 claim may be maintained for neglecting to prevent the conspiracies to commit the wrongs outlined in 42 U.S.C. § 1985. Because Plaintiff fails to state a claim under § 1985, his § 1986 claim cannot succeed. *See Trerice v. Sumons*, 755 F.2d 1081, 1085 (4th Cir. 1985)("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985 . . . . Having affirmed the dismissal of plaintiff's § 1985 claim, we also affirm the dismissal of his § 1986 claim."). Therefore, Plaintiff's § 1986 claim against Sugrue will also be dismissed.

### D.  Claims Against Montgomery County

Plaintiff asserts that Montgomery County violated his rights under §§ 1981, 1983, and 1986. Because the claims against the individual police officers will be dismissed, there is no basis for liability for Montgomery County.

### V.  Defendant Sam Hsu's Motion to Dismiss

Plaintiff alleges that Sam Hsu, a Fire Marshall with the Montgomery County Fire Marshall's Office, violated his civil rights

under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Specifically, Plaintiff alleges that Hsu told neighbors that the fire bombing incident was related to drug activity in Plaintiff's home. Assuming that this allegation is not time barred, Plaintiff still does not explain how Hsu's actions violated Plaintiff's constitutional rights. Therefore, Plaintiff's § 1983 claim against Hsu will be dismissed.

Plaintiff's remaining claims against Hsu fail as well. Plaintiff does not allege that Hsu intentionally discriminated against him on account of his race, as required to state a claim under § 1981. As for Plaintiff's §§ 1985 and 1986 claims, Plaintiff does not allege that Hsu used force, intimidation or threats to prevent Plaintiff from testifying in a pending matter, nor does he allege that Hsu entered into an agreement or had a meeting of the minds with the other Defendants. Therefore, all claims against Hsu will be dismissed.

## VI. Defendant Marcus Westover's Motion to Dismiss

Plaintiff asserts claims against Westover under §§ 1981 and 1985. Specifically, Plaintiff alleges that Westover violated his rights under § 1981 when Westover pointed a gun at Plaintiff while he was walking back from the cemetery. In addition, Plaintiff alleges that Westover entered into a conspiracy with Montgomery County officers as well as with Joy Turner, the President of the Sandy Spring Civic Association, to harass Plaintiff. Westover counters that the gun pointing incident was fully litigated in a

18

prior lawsuit, and is thus barred by *res judicata*.  In addition, Westover insists that Plaintiff cannot state a claim of conspiracy under § 1985.

The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel.  *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  For a prior judgment to bar an action on the basis of *res judicata*, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding.  *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

Consideration of the defense of *res judicata* on a motion to dismiss is appropriate under the circumstances presented here:

> Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2$^{d}$ Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993) (unpublished).

19

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000); *see also Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006).  Westover attached public records from the Circuit Court for Montgomery County, Maryland to his motion as well as his reply.  Plaintiff does not object to inclusion of this record and in fact concedes that this incident had been litigated previously in the Circuit Court.  (Paper 31, at 1).

Here, the elements of *res judicata* are satisfied.  First, the Circuit Court entered a judgment on the merits on January 11, 2007.  State court judgments are final upon expiration of the time for filing an appeal.  In Maryland, "the notice of appeal shall be filed within 30 days after entry of the judgment . . . . "  Md. Code Ann., Maryland Rules § 8-202(a).  The thirty day period for filing an appeal expired on February 11, 2007.  Therefore, the judgment is final.  Second, the parties in both actions are identical.  With respect to the third element, the two cases involve the same cause of action.  Indeed, Plaintiff concedes this fact when he explains that "the first case dealt only with the incident when Westover pointed a gun at the Plaintiff when he was walking back for [sic] the cemetery on January 23, 2006."  (Paper 31, at 1).  Therefore, Plaintiff's § 1981 claim is barred by *res judicata*.

Plaintiff's conspiracy claim under § 1985 also fails because Plaintiff does not allege that Westover used force or threats to

prevent him from testifying in a pending matter.  Therefore, all claims against Westover will be dismissed.

## VII.  Defendant Joy Turner's Motion to Dismiss

Finally, Plaintiff asserts a single claim under § 1985 against Joy Turner, President of the Sandy Spring Civic Association. Plaintiff alleges that Turner coerced an unidentified woman to give false testimony about him in state depositions and informed the police that he was involved in drug activity and other unlawful conduct.  Although extremely unclear, Plaintiff also alleges that Turner "conspired to have people complain to [Plaintiff's] family about Westover interfering with their access to the cemetery and public easement, as a method of creating traffic at [Plaintiff's] residence."  (Paper 1 ¶ 42).

Turner argues that Plaintiff's allegations against her fail as a matter of law.  Turner points out that Plaintiff does not allege that she used force, intimidation or threats in carrying out the alleged conspiracy, nor does Plaintiff allege that he suffered injury as a result of Turner's actions, as required to state a claim under § 1985.  Furthermore, Turner contends that Plaintiff does not explain the connection between the alleged conspiracy and what, if any, federal court proceeding allegedly inspired Turner to conspire to harm Plaintiff.  Finally, Turner points out that Plaintiff does not allege that she entered an agreement or had a meeting of the minds with other Defendants to engage in a

conspiracy against Plaintiff.  Therefore, Plaintiff's § 1985 claim against Turner will also be dismissed.

**VIII.  Conclusion**

    For the foregoing reasons, Defendants' motions to dismiss will be granted.    A separate Order will follow.

                              _____/s/_____
                                DEBORAH K. CHASANOW
                                United States District Judge